**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO.: _____

TIMOTHY DAVIS JR.,

    Plaintiff,

      v.

CITY OF LAKELAND,
ANTON  JEFFERSON,
and JASON MCCAIN.

    Defendants,

_____/

## COMPLAINT

Plaintiff TIMOTHY DAVIS JR. sues Defendants CITY OF LAKELAND, ANTON JEFFERSON, and JASON MCCAIN (collectively the "Defendants").

## NATURE OF ACTION

1.    This action is brought pursuant to 42 U.S.C. § 1983, and First, Fourth, and Fourteenth Amendments to the United States Constitution.  The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C.§1367(a).

## PARTIES

2.      At all times referred to herein, Plaintiff   TIMOTHY DAVIS JR. (hereinafter "Plaintiff") was a resident of Polk County, State of Florida.

3.      Defendant, CITY OF LAKELAND, is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Florida located in Polk County, Florida. The CITY OF LAKELAND owns, operates, manages, directs, and controls the LAKELAND Police Department.

4.      At all times referred to herein, Defendant ANTON JEFFERSON (hereinafter "Jefferson" or "Defendant Jefferson") was and/or is employed as a police officer with Lakeland Police Department. As set forth in more detail below, Jefferson, while acting within the course and scope of his employment with the Lakeland Police Department and under color of law, directly violated the Constitutional rights of Plaintiff.

5.      At all times referred to herein, Defendant JASON MCCAIN (hereinafter "McCain" or "Defendant McCain") was and/or is employed as a police officer with Lakeland Police Department. As set forth in more detail below, McCain, while acting within the course and scope of his employment with the Lakeland Police Department and under color of law, directly violated the Constitutional rights of Plaintiff.

## FACTS COMMON TO ALL COUNTS

6.    On, or about, January 5, 2022, at approximately 3:15 pm Plaintiff drove to pick up his 6-year-old daughter from a school bus stop.

7.    When he arrived at the stop, he turned off his car to wait and began to eat a sandwich.

8.    Moments after he turned the car off Defendant McCain approached Plaintiff's driver's side door and grabbed Plaintiff about his face and jaw area.

9.    Defendant Jefferson then opened Plaintiff's passenger side door and began to punch Plaintiff in the face and stomach.

10.   The Defendants then dragged the Plaintiff out of his car by his hair, pulling one of his dreadlocks out at the roof and continued to physically beat Plaintiff, causing him to  lose consciousness.

11.   When he woke up, Plaintiff was laying on the ground in handcuffs.

12.   During this encounter Plaintiff did not threaten, hit, kick, or strike the officers in any way.

13.   Plaintiff was arrested and charged with battery on a law enforcement officer, resisting arrest with violence, possession of cannabis, and tampering with physical evidence.

14. The charge of battery on a law enforcement officer was subsequently dismissed, and Plaintiff pled no contest to two lesser charges of resisting officers without violence.

## COUNT I
## EXCESSIVE USE OF FORCE BY DEFENDANTS JEFFERSON AND MCCAIN
## 42 U.S.C. § 1983

15. Plaintiff re-allege paragraphs 1 through 14 as if fully set forth herein.

16. The Fourth Amendment prohibits the unreasonable use of force by a law enforcement officer when he has the lawful authority to seize an individual.

17. Assuming, *arguendo,* that Defendants Jefferson and McCain had the lawful authority to seize Plaintiff, the force they used in doing so was clearly excessive.

18. The use of force by Defendants Jefferson and McCain was blatantly excessive and deprived Plaintiff of his Fourth Amendment right to be free from force that was excessive under the circumstances.

19. Defendants Jefferson and McCain could have taken Plaintiff into custody without excessive or potentially deadly force, and without causing the injuries that Plaintiff suffered.

20. Plaintiff did not have any narcotics in his possession, but yet Defendants Jefferson and McCain held his mouth open and forced their hands in

his mouth.[1]

21.     The Defendants Jefferson and McCain then dragged Plaintiff out of his car by his hair, pulling one of his dreadlocks out at the roots. Then physically beat Plaintiff until he lost consciousness, even though he did not threaten, strike, or even attempt to fight the Defendants.

22.     Defendants Jefferson and McCain's conduct was deliberately indifferent to Plaintiff's clearly established rights.

23.     No reasonable police officer in the circumstances and with the knowledge that the Defendants had at the time would have used the amount of force used by Defendants Jefferson and McCain.

24.     As a direct and proximate cause of Defendants Jefferson and McCain's actions, Plaintiff was deprived of his federal Constitutional rights, and suffered physical and mental trauma.

**WHEREFORE**, Plaintiff  TIMOTHY DAVIS JR. respectfully requests that this court grant the following relief:

    a) Judgment for compensatory damages against Defendants Jefferson and McCain;

    b) Judgment for emotional pain and suffering;

---

[1] Plaintiff denies that he had cannabis in his possession, but is not alleging false arrest in this Complaint.

c) Judgment for punitive damages against Defendants Jefferson and McCain;

d) Judgment for attorney's fees pursuant to 42 U.S.C. §1988, together with the costs and expenses of this civil action; and

e) Such other and further relief that this Court may deem just, proper, and appropriate.

## COUNT II
## MONELL CLAIM AGAINST DEFENDANT CITY OF LAKELAND
## 42 U.S.C. § 1983

28. Plaintiff re-allege paragraphs 1 through 14 as if fully set forth herein.

29. Defendant, City of Lakeland is liable to the plaintiff for having violated Plaintiff's rights protected by the Fourth Amendment to the United States Constitution, more specifically his right to be free from false arrest, and the use of excessive and unreasonable force.

30. As a matter of *de facto* policy, the City of Lakeland tolerates members of the Lakeland Police Department committing acts violating the Fourth Amendment rights of members of the African American community.

31. The City of Lakeland operates and controls a police department with numerous members, insensitive and hostile to the African American community.

32. The Lakeland Police Department has had frequent instances of the use of gratuitous, unreasonable and excessive force against members of the African

American community as well as other violations of that community's constitutional rights and still, City of Lakeland has failed to take effective action to curtail the aforementioned behavior by its officers.

33. It is the *de facto* policy of the Lakeland Police Department to tolerate excessive force and overt acts of racism by its officers against members of the African American community.

34. There have been frequent complaints against the Lakeland Police Department to internal affairs, and the Lakeland Police Department takes no effective action to remedy the ongoing problem of Lakeland Police Department officers discriminating against and using excessive and unnecessary force against members of the African American community.

35. On information and belief there have been approximately thirteen complaints alleging the use of excessive force by the members of the Lakeland Police Department against African American Citizens in the past five years.

36. Of those complaints, Defendants Jefferson and McCain were jointly involved in at least three of them, and McCain was involved in a separate complaint.

37. Additionally, as reported in a January 20, 2023, article posted on yahoo.com Defendants Jefferson and McCain, along with two other officers

engaged in a pattern to systematic violence against African American citizens.[2]

38.     Due to the *de facto* racism within the Lakeland Police Department and the City of Lakeland's tolerance thereof, plaintiff suffered the harms outlined herein.

39.     Defendant City of Lakeland via its *de facto* policy of tolerating the abuse of African Americans, caused plaintiff to sustain physical injuries, including permanent and non- permanent physical injuries, pain and suffering, scarring, deformity, emotional harms, to wit, the fear he would continue to be beaten and otherwise abused and he was otherwise harmed.

**WHEREFORE**, Plaintiff  TIMOTHY DAVIS JR. respectfully requests that this court grant the following relief:

   a) Judgment for compensatory damages against Defendant CITY OF LAKELAND;

   b) Judgement for emotional pain and suffering;

   c) Judgment for attorney's fees pursuant to 42 U.S.C. §1988, together with the costs and expenses of this civil action; and

   d) Such other and further relief that this Court may deem just, proper, and appropriate.

---

[2] See https://www.yahoo.com/lifestyle/blm-alleges-pattern-violent-behavior-140020103.html, posted January 20, 2023.

## COUNT III
## CLAIM NEGLIGENT FAILURE TO TRAIN AND SUPERVISE AAGAINST DEFENDANT CITY OF LAKELAND UNDER 42 U.S.C. § 1983

25.     Plaintiffs re-allege paragraphs 1 through 24 as if fully set forth herein.

26.     Defendant, City of Lakeland, owed the public, including Plaintiff a duty to properly train and supervise its personnel regarding the improper use of authority and appropriate procedures to follow when making an arrest and the proper use of force in making a lawful arrest.

27.     Defendant City of Lakeland breached its duty of care to Plaintiff by failing to provide each of the individual Defendants with proper and special training and/ or supervision so that they could be prepared to execute the duties of the City reasonably could expect them to perform during the course and scope of their employment.

28.     Defendant's failure to train and supervise is evidence of a widespread policy and/or custom that constituted deliberate indifference in the Lakeland Police Officers' use of excessive force.

29.     This policy and custom constitutes a deliberate indifference to Plaintiff's constitutional rights, and the policy and custom led to the use of excessive force against Plaintiff.

30.    As a proximate result of lack of training and supervision Defendants Jefferson and McCain caused Plaintiff physical injury and severe emotional distress.

31.    As a direct and proximate cause of Defendant City of Lakeland's failure to train and supervise, Plaintiff was deprived of his federal Constitutional rights, and suffered physical and mental trauma.

**WHEREFORE**, Plaintiff  TIMOTHY DAVIS JR. respectfully requests that this court grant the following relief:

a) Judgment for compensatory damages against Defendant CITY OF LAKELAND;

b) Judgment for emotional pain and suffering;

c) Judgment for attorney's fees pursuant to 42 U.S.C. §1988, together with the costs and expenses of this civil action; and

d) Such other and further relief that this Court may deem just, proper, and appropriate.

## COUNT IV
## STATE LAW BATTERY BY DEFENDANTS JEFFERSON AND MCCAIN

48.    Plaintiffs re-allege paragraphs 1 through 14 as if fully set forth herein.

49.    This is a cause for damages in excess of fifty thousand dollars, exclusive of costs and attorney' s fees.

50.    As stated in Paragraphs 6 – 14, Defendants Jefferson and McCain did, without legal justification, batter, touch, and strike Plaintiff without

consent and against Plaintiff's will.

51.    As a result of such actions, Plaintiff suffered damages that included bodily injury, physical suffering, and physical discomfort.

52.    All conditions precedent to the filing of this action have occurred or have been waived.

**WHEREFORE**, Plaintiffs pray that this Honorable Court grant the following relief on Plaintiff's claim for battery brought pursuant to Florida State Law:

a) Judgment for  compensatory damages against Defendants Jefferson and McCain;

b) Judgment for emotional pain and suffering;

c) Judgment for attorney's fees, together with the costs and expenses of this civil action; and

d) Such other and further relief that this Court may deem just, proper and
appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: November 3, 2023.

Respectfully submitted,

**s/ Brandon J. Gibson**
Brandon J. Gibson
Florida Bar No: 0099411

E-mail: bgibson@rtrlaw.com
RTRLAW, LLP
3333 W. Commercial Blvd, Ste. 200
Ft. Lauderdale, Florida 33309
Telephone: (954) 370-5152
Facsimile: (954) 370-1992
*Counsel for Plaintiff(s)*