UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY DAVIS JR.,

    Plaintiff,

v.                                               Case No.: 8:23-cv-2507-TPB-CPT

CITY OF LAKELAND, ANTON
JEFFERSON, and JASON MCCAIN,

    Defendants.
_____/

## DEFENDANTS' OPPOSED MOTION TO DISMISS COMPLAINT

Defendants, CITY OF LAKELAND (the "City"), ANTON JEFFERSON ("Officer Jefferson"), and JASON MCCAIN ("Officer McCain"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move the Court to dismiss each count of Plaintiff's, TIMOTHY DAVIS, JR., Complaint (Doc. 1). In support hereof, Defendants submit the following memorandum of law:

### BACKGROUND

Defendants herein recite the general allegations of the Complaint relevant to this Motion. Allegations only in support of a particular Count are recited in the relevant Argument section for each Count.

    1.    On January 5, 2022, at approximately 3:15 p.m., Plaintiff drove to a school bus stop, turned off his car, and began to eat a sandwich. (Doc. 1 ¶¶ 6-7).

2. Moments later, Officer McCain approached Plaintif's driver side door and grabbed Plaintiff about his face and jaw area. (*Id.* ¶ 8). Officer Jefferson opened Plaintiff's passenger side door and began to punch Plaintiff in the face and stomach. (*Id.* ¶ 9). Then both Officers dragged Plaintiff out of his car by his hair, pulled out one of his dreadlocks at the root, and continued to beat Plaintiff until he lost consciousness. (*Id.* ¶ 10). Upon awakening, Plaintiff was on the ground in handcuffs. (*Id.* ¶ 11).

3. Plaintiff was ultimately arrested and charged with battery on a law enforcement officer, resisting arrest with violence, possession of cannabis, and tampering with physical evidence.[1] (*Id.* ¶ 13).

4. Plaintiff alleges that he did not threaten to hit, kick, or strike the officers in any way. (*Id.* ¶ 12). However, Plaintiff admits that he pleaded no contest to two charges of resisting officers without violence.[2] (*Id.* ¶ 14).

## LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The federal rule does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements

---

[1] The relevant criminal statutes are, respectively, Florida Statutes § 843.01; § 784.07(2)(B); § 893.13(6)(B); and § 918.13.

[2] The relevant criminal statute is Florida Statutes § 843.02 ("Whoever shall resist, obstruct, or oppose any officer … in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree….").

of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Although the court must accept a plaintiff's allegations a true when considering a motion to dismiss, a plaintiff's unsupported conclusions of law or mixed fact and law, "unwarranted factual deductions," and "legal conclusions masquerading as facts" will not prevent a Rule 12(b)(6) dismissal. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1326 (11th Cir. 2012); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**ARGUMENT**

The Complaint alleges the following causes of action: (I) excessive force against the Officers pursuant to 42 U.S.C. § 1983; (II) excessive force, and potentially false arrest, against the City pursuant to *Monell*; (III) failure to train and failure to supervise against the City pursuant to 42 U.S.C. § 1983; and (IV) common law battery against the Officers Defendants address each count of the Complaint in turn and show why each is due for dismissal.

**I.    Excessive Force v. the Officers (Count I)**

Plaintiff first attempts to allege a cause of action against the Officers under 42 U.S.C. § 1983 for violation of the Fourth Amendment by excessive use of force.

Plaintiff alleges that the Officers used excessive force when seizing Plaintiff by searching his mouth with their hands; dragging Plaintiff out of his car by his hair, thereby pulling out a dreadlock by the root; and beating Plaintiff until he lost consciousness. (*Id.* ¶¶ 20-21). Plaintiff further alleges that he did not threaten, strike, or attempt to fight the Officers (*Id.* ¶ 21); however, Plaintiff admits he pleaded no contest to charges of resisting officers without violence (*Id.* ¶ 14).

It necessarily follows that Plaintiff was resisting investigation or arrest while he was sitting in the driver's seat of his vehicle. *See* § 843.02, Fla. Stat ("Whoever shall resist, obstruct, or oppose any officer … in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree…."). From the allegation that Plaintiff awoke to find himself handcuffed, it can be reasonably inferred that Plaintiff was not handcuffed until after he lost consciousness: i.e., during the time he was resisting the officers. Further, from the allegations that Plaintiff was eating a sandwich, that Officer McCain grabbed Plaintiff around his face and jaw area, and that Plaintiff was arrested for and charged with possession of cannabis and tampering with evidence, the only reasonable inference is that Plaintiff was suspected of possessing cannabis, that Officer McCain attempted to prevent Plaintiff from consuming the sandwich, but that Plaintiff was able to do so, thereby constituting probable cause for tampering with the evidence of possession of cannabis.

Law enforcement officers' right to make an arrest or investigatory stop "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The application of *de minimis* force or injury, without more, will not support a claim for excessive force. *Smith v. Sec'y, Dep't of Corr.*, 524 F. Appx. 511, 513 (11th Cir. 2013). Examples of force which the Eleventh Circuit has found *de minimis* include:

> For example, in *Durruthy [v. Pastor]*, the officers grabbed the plaintiff from behind and pulled him onto the ground while struggling to pin his arms behind him. 351 F.3d [1080] at 1085 [(11th Cir. 2003)]. During the struggle, one officer kneed the arrestee in the back and another held him down with her hands while he was handcuffed. *Id.* In *Nolin [v. Isbeil]*, an officer grabbed the plaintiff from behind by his shoulder and wrists, threw him against a van three or four feet away, kneed him in the back, pushed his head into the side of the van, searched his groin area in an uncomfortable manner, and handcuffed him. 207 F.3d [1253] at 1255 [(11th Cir. 2000)]. The plaintiff suffered bruising to his forehead, chest, and wrists, although he did not seek medical treatment. *See id.* In *Jones v. City of Dothan, Alabama*, officers slammed the arrestee against a wall, kicked his legs apart, required him to put his arms above his head, and pulled his wallet from his pants pocket, tearing his pants and scattering the contents of the wallet on the ground. 121 F.3d 1456, 1458 (11th Cir. 1997).

*Sosa v. Hames*, 581 F. Supp. 2d 1254, 1276 (S.D. Fla. Oct. 7, 2008); *see Ainsworth v. City of Tampa*, No. 8:10-cv-293, 2010 U.S. Dist. LEXIS 54742 at *13-14 (M.D. Fla. Jun. 2, 2010). "Forcibly removing an arrestee from a vehicle has been held to be within the ambit of *de minimis* force." *Madura v. City of N. Miami Beach*, No. 04-20701-CIV, 2011 U.S. Dist. LEXIS 91677 at *17-18 (citing *Sosa*, 581 F. Supp. 2d at 1277; *Ainsworth*, 2010 U.S. Dist. LEXIS 54742 at *3, 18; *Chaney v. City of Orlando*, 291 F. Appx. 238, 240 (11th Cir. 2008)). Similarly, using the butt of a

flashlight and a glitter eye pen to pry open the mouth of an arrestee suspected of having illicit drugs in his mouth, as well as tackling, attempting to pepper spray, handcuffing, and using two brachial plexus strikes on the arrestee have been held to not constitute excessive force. *Smith v. City of Huntsville*, 2016 U.S. Dist. LEXIS 136490 at *34-35 (N.D. Ala. Sep. 30, 2016) (arresting officers are entitled to use higher level of force to prevent an arrestee from swallowing or ingesting drugs).

Given the above, Plaintiff clearly fails to allege anything other than a *de minimis* use of force and a *de minimis* injury. The alleged grabbing, punches, and hair pulling used for either or both of removing Plaintiff from the vehicle and prevent Plaintiff from consuming the suspected cannabis are merely *de minimis* force. Accordingly, Count I of the Complaint fails to state a claim against either of the Officers and should be dismissed.

**II.   False Arrest and Excessive Force v. the City (Count II)**

Plaintiff attempts to allege causes of action against the City pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for violation of the Fourth Amendment by false arrest and excessive force. (Doc. 1 ¶ 29). Plaintiff alleges that the City has several "*de facto*" policies: "tolerat[ing] members of the Lakeland Police Department committing acts violating the Fourth Amendment rights of members of the African American community" (*Id.* ¶ 30); "tolerat[ing] excessive force and overt acts of racism by its officers against members of the African American community" (*Id.* ¶ 33); and "tolerating the abuse of African

Americans" (*Id.* ¶ 39). Plaintiff alleges that the City has received around 13 complaints alleging excessive force against African Americans in the past five years, that Officer Jefferson and Officer McCain were involved in several of those complaints, and that the City has "failed to take effective action to curtail [the use of excessive force against members of the African American community] by its officers" (*Id.* ¶¶ 35-36). Plaintiff refers to an online news article citing an activist organization's request for federal investigation of four particular incidents[3] within thirteen months which the organization claims are evidence of a "pattern of violent behavior" (*Id.* ¶ 37, n.2).

As a preliminary matter, it is unclear whether Plaintiff is indeed intending to allege a claim for false arrest against the City pursuant to *Monell*. Plaintiff alleges that the City of Lakeland violated Plaintiff's "right to be free from false arrest" (Doc. 1 ¶ 29), but Plaintiff also alleges in Count I that Plaintiff is "not alleging false arrest in this Complaint." (*Id.* ¶ 20 n.1). Assuming that Plaintiff is indeed intending to plead a claim for false arrest against the City, that claim cannot be sustained because Plaintiff pleaded no contest to the offense of resisting officers without violence, proscribed by Florida Statutes § 843.02.

Regardless, Plaintiff fails to state claim pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 (1978). Thereunder, a municipality or other local government unit may not be held liable under 42

---

[3] The instant litigation is one of the four incidents alleged in the article.

U.S.C. § 1983 for the conduct of its subordinates alone: i.e., through vicarious liability and *respondeat superior*. Instead, a municipality or other local government unit may be sued only "for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. The Eleven Circuit has read *Monell* and the subsequent case of *City of Canton v. Harris*, 489 U.S. 378 (1989) to create a three-party test, whereby a plaintiff alleging liability under § 1983 must plead and prove: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). The policy and its effects must be "persistent" or "widespread" in order to impose § 1983 liability, and isolated incidents will not suffice. *Id.* at 1290-91. A plaintiff may only plead a policy by either "(1) an officially promulgated [municipal] policy or (2) an unofficial custom or practice of the county shown through repeated acts of a final policymaker for the [municipality]." *Grech v. Clayton County*, 335 F.3d 1326, 1329-30 (11th Cir. 2003) (citing *Monell*, 436 U.S. at 690-91, *inter alia*).

Here, Plaintiff does not plead any officially promulgated policy of the City, and instead attempts to plead a "*de facto*" policy. However, Plaintiff fails to sufficiently allege any persistent or widespread nature of the alleged policies of tolerating Fourth Amendment violations, excessive force, racism, and abuse of

African Americans; or any repeated acts of a final policymaker of the City. Plaintiff relies on thirteen unspecified "complaints" (*Id.* ¶ 35) and the aforementioned Yahoo news article for support, neither of which are sufficient to support the claim.

"The sheer number of use of force incidents, without more, does not establish a widespread custom of acquiescence to the use of excessive force." *Buckler v. Israel*, 680 F. Appx. 831, 835 (11th Cir. 2017). Indeed, "the number of complaints bears no relation to their validity." *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987). Instead, for an alleged incident to support the sort of *Monell* claim brought here, the comparator incident must be factually similar to the case at issue, must result in a finding of excessive force or other misconduct, and must show that the municipality failed to take corrective action pursuant to that finding. *Buckler*, 680 F. Appx. at 835, 836. It is the *outcome* of the complaint or incident, not the complaint or incident itself, that puts the municipality on notice of a pattern of constitutional violations and thereby can subject the municipality to liability. *Brazill v. Jones*, 2023 U.S. Dist. LEXIS 63239 at *29-30 (N.D. Fla. Feb. 3, 2023); *Buckler*, 680 F. Appx. at 836. Plaintiff does not plead that any of these complaints or reported incidents resulted in any finding of wrongdoing by the officers, and similarly fails to allege that the City failed to take corrective action pursuant to such a finding. Plaintiff seeks to plead a *Monell* cause of action only on unresolved complaints and incidents, which is insufficient as a matter of law.

Accordingly, Count II of the Complaint, whether premised in either or both of false arrest and excessive force, fails to state a claim against the City and should be dismissed.

### III. Failure to Train and Failure to Supervise v. the City (Count III)

Plaintiff next attempts to allege causes of action against the City under 42 U.S.C. § 1983 for negligent failure to train the Officers and negligent failure to supervise the Officers. Plaintiff claims that the City's alleged failure to train and supervise in this case is "evidence of a widespread policy and/or custom that constituted deliberate indifference in the Lakeland Police Officers' use of excessive force." (*Id.* ¶ 28).

Here, Plaintiff once again fails to allege sufficient facts to satisfy the *Monell* standard. Thereunder, a plaintiff must plead either "(1) an officially promulgated [municipal] policy or (2) an unofficial custom or practice of the county shown through repeated acts of a final policymaker for the [municipality]." *Grech v. Clayton County*, 335 F.3d 1326, 1329-30 (11th Cir. 2003) (citing *Monell*, 436 U.S. at 690-91, *inter alia*). Lone allegations of an isolated incident, as is the case here, will not suffice. *McDowell*, 392 F.3d at 1290-91. Given that the Complaint contains no allegation of any officially promulgated City policy, any repeated acts of a final policymaker for the City, or even any other similar incidents, Plaintiff's claim fails to state a cause of action pursuant to *Monell*. Accordingly, Count III of the Complaint fails to state a claim against the City and should be dismissed.

**IV.    Common Law Battery v. the Officers (Count IV)**

Finally, Plaintiff attempts to allege against the Officers a cause of action for common law battery. (Doc. 1 ¶¶ 50-51). Plaintiff alleges that the Officers touched Plaintiff without legal justification, without Plaintiff's consent, and against Plaintiff's will; and that Plaintiff suffered injury. (*Id.* ¶¶ 50-51).

Here, Plaintiff fails to plead facts sufficient to support the conclusory allegation that the Officers touched him without legal justification. Indeed, as explained in Section I of this Motion, the only reasonable inferences from the facts pleaded are that Plaintiff was sitting in the driver's seat of his vehicle while resisting either an arrest or investigation prior to being handcuffed, that Plaintiff was suspected of possessing cannabis, that Officer McCain attempted to prevent Plaintiff from consuming the sandwich, but that Plaintiff was able to do so, thereby constituting probable cause for tampering with the evidence of possession of cannabis. From these facts, it cannot be reasonably concluded that the force allegedly used by the Officers was without legal justification. Indeed, the complained-of force was used to remove the resisting Plaintiff from the vehicle to effect his arrest and to prevent him from consuming, and thereby destroying, suspected evidence of cannabis. The alleged uses of force thus cannot constitute a battery under Florida law.

Accordingly, Count IV of the Complaint fails to state a claim against either of the Officers and should be dismissed.

## CONCLUSION

WHEREFORE, Defendants CITY OF LAKELAND, ANTON JEFFERSON, and JASON MCCAIN respectfully request that the Court dismiss each count of Plaintiff's, TIMOTHY DAVIS, JR., Complaint.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 3.01(g), counsel for Defendants has conferred telephonically and in good faith with counsel for Plaintiff regarding the resolution of this Motion. Plaintiff's counsel has clarified that no false arrest claim is being pleaded against the City in Count II. The parties disagree regarding all other relief sought by this Motion.

**[Certificate of Service on Following Page]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed this 5th day of December, 2023, with the Clerk of Court using the ECF system, which will send notice of electronic filing to: Brandon J. Gibson, Esq., RTRLAW, LLP, 333 W. Commercial Blvd, Suite 200, Ft. Lauderdale, FL 33309, bgibson@rtrlaw.com, Counsel for Plaintiff.

/s/ *Edward Kerr*
HANK B. CAMPBELL
Florida Bar No. 434515
h.campbell@cttalaw.com
r.roop@cttalaw.com
JONATHAN B. TROHN
Florida Bar No. 0880558
j.trohn@cttalaw.com
s.strickland@cttalaw.com
s.bosek@cttalaw.com
c.acosta@cttalaw.com
EDWARD B. KERR
Florida Bar No. 1018861
Campbell, Trohn, Tamayo & Aranda, P.A.
1701 S. Florida Avenue
Lakeland, Florida  33803
(863) 686-0043
(863) 616-1445 Fax
Counsel for Defendants